**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

```
IAN BURKE, #312451,            )
                               )
                               )   CIVIL ACTION NO. 9:08-3543-CMC-BM
              Petitioner,      )
                               )
v.                             )
                               )
WARDEN MCKITHER BODISON,       )
                               )   REPORT AND RECOMMENDATION
                               )
              Respondent.      )
_____)
```

Petitioner, an inmate with the South Carolina Department of Corrections ("SCDC"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on October 15, 2008.[1]

The Respondent filed a return and motion for summary judgment on February 25, 2009. As the Petitioner is proceeding pro se, a Roseboro order was filed on February 27, 2009, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. On April 8, 2009, the undersigned granted Petitioner an extension of thirty (30) additional days to respond.

Despite this extension and the warning to Petitioner about the consequences of failing to respond, Petitioner has not filed a response to the Respondent's motion. This matter is now before the Court for disposition.[2]



---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As
(continued...)

**Procedural History**

Petitioner was indicted in September 2005 in Horry County for assault and battery with intent to kill ("ABIK")[Indictment No. 05-GS-26-279] and possession of a weapon during the commission of a violent crime [Indictment No. 05-26-3476]. (R.pp. 2, 41, 84-85). Petitioner was represented by Thomas Floyd, Esquire and on November 7, 2005, pled guilty to the charges. (R.pp. 1-20). The trial judge sentenced Petitioner to a term of imprisonment of fourteen (14) years for ABIK and five (5) years, concurrent, for possession of a weapon during the commission of a violent crime. (R.p. 18). Petitioner did not appeal his conviction or sentence.

On May 24, 2006, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; Burke v. State of South Carolina, No. 06-CP-26-2582; (R.pp. 21-27). Petitioner raised the following issues in his APCR:

**Ground One**: Ineffective Assistance of Counsel;

**Ground Two**: Invalid Guilty Plea; and

**Ground Three**: Sentencing Errors.

(R.p. 23).

Petitioner amended his APCR on or about September 14, 2006, to assert the following issues: 1) Applicant was sentenced to an unconstitutional sentence; 2) Ineffective Assistance of Counsel. (R.pp. 28-32).

Petitioner was represented in his APCR by Sabrina C. Todd, Esquire and an evidentiary hearing was held on Petitioner's application on April 3, 2007. (R.pp. 38-71). At the PCR hearing, the judge required Petitioner to clearly state the grounds on which he wished to proceed and warned him all other grounds would be deemed abandoned. (R.pp. 41-42). Petitioner then proceeded

---

[2](...continued)
this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



to raise these four (4) grounds for relief:

>**Ground One**: Ineffective Counsel for failing to timely accept a Plea Bargain for ten (10) years;
>
>**Ground Two**: Ineffective Assistance of Counsel because counsel advised Petitioner to plead guilty when Petitioner contends that he would not have been found guilty on the charges at trial.
>
>**Ground Three**: Ineffective Assistance of Counsel for counsel failing to have the Petitioner examined by a private psychiatrist.
>
>**Ground Four:** Ineffective Assistance of Counsel for counsel failing to adequately correct the record to show that Petitioner did not "cut" the phone line.[3]

(R.pp. 43-50).

On May 29, 2007, the PCR judge entered an order denying Petitioner's PCR claims. (R.pp. 72-80).

Petitioner timely filed a notice of appeal. Petitioner was represented on appeal by Robert M. Pachak, Appellate Defender for the South Carolina Commission on Indigent Defense, who filed a Johnson[4] brief seeking to be relieved and raising the following issue:

Whether Petitioner's guilty plea was entered knowingly and voluntarily?

See Respondent's Exhibit Four, p. 2.

Petitioner also filed a pro se brief in support of his appeal. See Respondent's Exhibit Five.

On June 2, 2008, the South Carolina Supreme Court granted counsel's request to be relieved and denied the petition. See Respondent's Exhibit Six. On July 10, 2008, Petitioner filed a pro se Petition for Rehearing and For Leave, which the South Carolina Supreme Court denied on July 10, 2008. See Respondent's Exhibits Seven and Eight. The Remittitur was issued that same

---

[3]It is not clear in the hearing transcript that this argument was intended to be a separate ground for relief (as opposed to just being part of Petitioner's general argument that he would not have been found guilty if he had gone to trial), but it was addressed as such by the PCR judge in his final order. (R.pp. 77-78).

[4]Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California, 386 U.S. 738, 744 (1967).

3



date.  See Respondent's Exhibit Nine.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following ground:

> **Ground One:** My guilty plea was not entered knowingly, and intelligently because I received ineffective assistance of trial counsel.
>
> Supporting Facts: The prosecution offered me a plea bargain for 10 years, and my counsel's shortcomings hindered me from getting this 10 year cap.  I also informed counsel that I had a psychiatrist [due] to my delusional mental state and family condition, and I requested that my counsel obtain my medical records from "My" psychiatrist in regard to my condition, and he failed to do so.  Counsel instead sent me to a state psychiatrist, and they did not have a clue, and he told me to plead, when I had no intent to kill.

See Petition, p. 6.

## **Discussion**

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto,  405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I**.

Although set forth as only one ground for relief in the Petition, Petitioner actually

4



raises three separate issues. Petitioner contends that his counsel was ineffective for failing to secure the offered 10 year plea bargain, for failing to obtain his private psychiatrist's records, and for advising Petitioner to plead guilty when he had not intended to kill the victim.

With regard to the second allegation concerning Petitioner's failure to obtain his private psychiatrist's records, this issue was not raised as a separate claim in Petitioner's PCR proceedings.[5] Since the Petitioner did not pursue and exhaust this claim in his PCR appeal, it is barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue this issue, it is otherwise fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must

---

[5]Although Petitioner mentioned during his testimony at the PCR hearing that he had requested his PCR counsel to get his past psychiatric records, the claim he pursued at his PCR hearing that was his trial counsel was ineffective for failing to have him examined by a private psychiatrist. He did not raise as a separate claim trial counsel's alleged failure to obtain his own psychiatrist's records before his guilty plea. (R.pp. 47-48, 52, 78-79). See Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default [of a claim], the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).



fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though technically exhausted, since this issue was not properly pursued by the Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

No showing of cause and prejudice or actual innocence has been made in this case.

As previously noted, Petitioner has not even responded to the motion for summary judgment and has, therefore, not even attempted to make an argument regarding "cause" for failing to pursue this claim in his APCR. The only reference Petitioner made at his PCR hearing concerning past psychiatric records was that he had requested his *PCR counsel* to obtain certain records from his psychiatrist. [R.p. 52]. Ineffective assistance of PCR counsel (assuming PCR counsel's failure to obtain these records amounts to ineffective assistance) is not an independent constitutional violation and is not therefore "cause" for a procedural default. Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the

6



Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998). Therefore, PCR counsel's conduct would not provide Petitioner with "cause" for a procedural default of a claim. Further, this would not even be the same claim, as the claim asserted in Petitioner's federal habeas petition relates to his *trial counsel*, not his PCR counsel.

Accordingly, Petitioner has failed to show cause for a procedural default of this issue. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if this claim is not considered. see, Wainwright v. Sykes, supra; Murray, 477 U.S. at 496; Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995)). Although Petitioner made conclusory allegations to assert his innocence in his PCR proceeding, to prevail under an "actual innocence" theory, Petitioner must produce new

7



evidence that was not available at trial to show his factual innocence. Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999). He has failed to do so.

Therefore, this issue is procedurally barred from consideration by this Court, and must be dismissed. See 28 U.S.C. § 2254.

## II.

With respect to Petitioner's contention that his trial counsel was ineffective for failing to secure the offered 10 year plea bargain, this issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Burke v. South Carolina, No. 06-CP-26-2582.

Specifically, the PCR judge found that: 1) the Petitioner rejected the plea offer; 2) Petitioner's counsel, acting on behalf of Petitioner's verbal and written directions, communicated the rejection to the State, precipitating the State proceeding with the prosecution of both of the charges; 3) Petitioner understood what he was pleading guilty to when he entered his guilty pleas; 4) counsel's testimony was significantly more credible than Petitioner's testimony and the court gave counsel's testimony as well as the guilty plea transcript weight under the preponderance of the evidence standard; 5) because Petitioner failed to demonstrate any deficiency in counsel's conduct relative to this issue or that but for counsel's performance Petitioner would have insisted on a trial or accepted a favorable plea offer, Petitioner's allegation was without merit; 6) although Petitioner claimed he lacked the specific intent to kill his wife, the facts supported his guilty plea; 7) even though a specific

8



intent is not required to support a conviction for assault and battery with intent to kill, Petitioner's wife told emergency personnel that Petitioner repeatedly told her during the attack that she was going to die because he was stabbing her in the kidneys; 8) Petitioner confirmed this fact during his guilty plea, although he claimed not to remember doing so during his PCR hearing; 9) Petitioner did make these statements to his wife; 10) Petitioner made no showing of deficient performance by counsel; 11) choosing the crime with which to charge a defendant is the essence of prosecutorial discretion; 12) neither Petitioner nor his counsel had the power to compel the prosecution to charge Petitioner with, or accept a plea for, a different crime; 13) Petitioner did not establish any constitutional violations or deprivations before or during his guilty plea and sentencing proceedings; and 14) counsel was not deficient in any manner, nor was Petitioner prejudiced by counsel's representation. (R.pp. 75-77, 79).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion.



9

Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not

10



have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Petitioner testified at the PCR hearing that he had told counsel to call the Solicitor and try to work out the ten (10) year plea bargain, and that when he went back to Court, he just signed the two charges given to him and did not know what they were because his counsel did not tell him. (R.pp. 43-44). However, the record reflects that Petitioner affirmed to the judge at his guilty plea that he understood that he was pleading guilty to assault and battery with intent to kill and possession of a weapon during the commission of a violent crime, and that the maximum possible sentences were twenty (20) years and five years (5), respectively. (R.p. 3). Petitioner then confirmed that he understood the charge and possible sentence, and testified that he wanted to plead guilty, that it was his decision, that he was pleading of his own free will, and that he understood that the pleas were without negotiations or recommendations as to sentences. (R.pp. 3-8). Petitioner also testified that no one had made any promises or threatened him in order to get him to plead guilty. (R.p. 8). Petitioner then testified that he had had enough time to discuss matters with his attorney, he had told his counsel everything that he needed to tell him about the situation, that counsel had done everything that he expected of him, that he was satisfied with his counsel, and that he had no complaints about counsel's help or representation. (R.pp. 8-9).

Petitioner's counsel testified at the PCR hearing that the Solicitor's office offered a cap of ten (10) years and to not indict Petitioner on a couple of other charges. (R.p. 58). Counsel testified that the offer was relayed to the Petitioner who said that he was not going to plead guilty.



11

(R.p. 58). Counsel testified that Petitioner personally relayed this rejection to him. (R.p. 60). Counsel also testified that he received a letter from the Petitioner which stated that he had no intent of killing anyone and that he was not going to plead guilty.[6] (R.p. 58). After the case was placed on the trial roster, counsel again discussed with Petitioner the option of pleading guilty. However, at that point, the only negotiation that counsel was able to reach with the Solicitor was to not proceed on the other charges. (R.p. 62).

The PCR court found trial counsel's testimony more credible than the testimony of the Petitioner, and there is no basis in the record or the applicable caselaw to overturn the findings of the state court with regard to this issue. Evans, 220 F.3d at 312. The United States Supreme Court has ruled that "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Here, the Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court.

Statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167, 171 (4th Cir. 1981). Petitioner has provided no evidence to show ineffective assistance of counsel in his case. See discussion, supra.

---

[6] At the PCR hearing, although Petitioner admitted that he addressed the envelope, Petitioner denied that he wrote the letter. Rather, he testified that one of his friends wrote it to help with his defense and that Petitioner simply read it. (R.pp. 59, 66-67).



12

Petitioner has therefore failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim is without merit and should be dismissed.

### III.

With regard to Petitioner's remaining allegation, Petitioner contends that his counsel was ineffective for advising him to plead guilty when he had no intent to kill the victim. Petitioner testified at his PCR hearing that he thought that he was "over charged", and that the charge should have been criminal domestic violence or assault and battery of an aggravated nature. (R.pp. 44-45, 50). Petitioner also testified that he did not have any intent to kill his wife, that he was groggy on the morning of the assault and just flipped out during an argument and then blacked out. (R.p. 45). Petitioner further testified that he was in a deep sleep when his wife slammed the keys by his head and he thought that he was back in the military which was why he flipped out. (R.pp. 48-49).

As previously discussed, the PCR judge found Petitioner's testimony not credible, and that the facts supported the guilty plea. He also found that even though a specific intent is not required to support a conviction for assault and battery with intent to kill, Petitioner's wife told emergency personnel that Petitioner repeatedly told her during the attack that she was going to die because he was stabbing her in the kidneys. Petitioner confirmed this fact during his guilty plea, though he claimed not to remember doing so during his PCR hearing. (R.pp. 12-13, 53). The PCR

13



judge specifically found that Petitioner did make these statements to his wife.

Under South Carolina law, ABIK can be proven with a specific intent to kill, but it does not require that showing. Hill v. State, 567 S.E.2d 847, 851 (S.C. 2002). The State only needs to show that the defendant acted with malice when committing the assault. Id. see also State v. Sutton, 532 S.E.2d 283, 285 (S.C. 2000). Here, the record contains sufficient evidence to support Petitioner's conviction under either theory. (R.pp. 8-17). The undersigned also notes, as the PCR judge pointed out, that choosing the crime with which to charge a defendant is the essence of prosecutorial discretion, and neither Petitioner nor his counsel had the power to compel the prosecution to charge Petitioner with, or accept a plea for, a different crime.

Again, the Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. Blackledge, 431 U.S. at 73-74. As previously discussed, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167, 171 (4th Cir. 1981). Petitioner has provided no evidence to show ineffective assistance of counsel in his case. See discussion, supra. Petitioner has therefore again failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].



14

This claim is without merit and should be dismissed.

## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____

Bristow Marchant
United States Magistrate Judge

May 21, 2009

Charleston, SC



15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



16